UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ART REAL ESTATE HOLDINGS,
LLC,

      Plaintiff,

v.                          Case No.:  2:26-cv-40-SPC-NPM

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

      Defendant.

---

## **OPINION AND ORDER**

Before the Court is Defendant Westchester Surplus Lines Insurance Company's Motion to Dismiss for Failure to State a Claim.  (Doc. 20).  Plaintiff Art Real Estate Holdings, LLC responded.  (Doc. 22).  After considering the parties' briefs and the record, the Court denies the motion.

### **Background**

This is an insurance coverage dispute.[1]  In August 2022, Defendant issued a commercial property insurance policy ("Policy") to Plaintiff.  In September 2022, Plaintiff's property suffered damage from Hurricane Ian. Plaintiff submitted a claim to Defendant for damages resulting from the

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff.  *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

hurricane.[2]  Defendant acknowledged the claim and issued a partial denial of coverage "for certain water related damages."  (Doc. 3 ¶ 11).  Because Defendant determined that the covered amount was less than the Policy's deductible, it did not issue any payments to Plaintiff.[3]

Plaintiff sues Defendant for breach of contract, arguing the denial violates the Policy.  Defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

### Legal Standard

To survive a Rule 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible.  *See id.* at 570.  A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct.  *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a

---

[2] Plaintiff contends that its "whole loss was estimated to be $301,737.16 exclusive of interest, attorney's fees, and costs."  (Doc. 3 ¶ 10).

[3] Defendant revised its coverage estimate multiple times but came to the same determination that no payment was owed based on the Policy's deductible.  (Doc. 3 ¶¶ 13–15).

defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

## Analysis

Defendant argues Plaintiff's breach of contract claim is unripe because Plaintiff moved to compel appraisal after filing suit.[4]  (Doc. 13).  It cites the Policy's Loss Payment Condition, which provides that it will issue payment for a covered loss upon either "the entry of a final judgment" or the "filing of an appraisal award." (Doc. 20 at 5).  Defendant argues that by seeking appraisal, Plaintiff is conceding that no breach has yet occurred.  (*Id.* at 6, 7).  The Court rejects Defendant's argument.

To begin, the Eleventh Circuit (affirming this Court) already rejected a similar argument that a breach of insurance policy claim is not ripe until after an appraisal award is issued.  *See Mont Claire at Pelican Marsh Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 23-14162, 2024 WL 4635575, at *2 (11th Cir. Oct. 31, 2024); *see also Faith Preparatory Sch., Inc. v. Westchester Surplus Lines Ins. Co.*, No. 2:24-CV-1119-KCD-DNF, 2026 WL 113575, at *3 (M.D. Fla. Jan. 15, 2026) (citing *Mont Claire* and rejecting an identical ripeness argument).  Although Defendant tries to distinguish this case from *Mont Claire*, its attempt is unavailing because, regardless of any factual distinctions,

---

[4] Since Defendant filed its motion to dismiss, the Court granted Plaintiff's motion to compel appraisal and stayed this matter pending the outcome of the process.  (Doc. 26).

the Court agrees with Plaintiff that the loss payment provision addresses when a payment becomes due, not when an insured may sue for breach. (Doc. 22 at 5). Besides, the Court sees no reason to engage in the "useless exercise" of dismissing this case as unripe while an appraisal is pending. *Mont Claire*, 2023 WL 8113118, at *5. So, the Court denies Defendant's motion.

Accordingly, it is

**ORDERED:**

Defendant Westchester Surplus Lines Insurance Company's Motion to Dismiss (Doc. 20) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on June 4, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4